# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. McKOWN, IV,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:09-cv-00810-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>(Docket No. 40)<br><br>**ORDER CONTINUING STAY AS TO ALL NON-ADMINISTRATIVE PROCEDURE ACT CLAIMS**<br><br>(Docket Nos. 38, 39)<br><br>**ORDER REGARDING UPCOMING SCHEDULING CONFERENCE SET FOR JANUARY 10, 2012**<br><br>(Docket No. 46) |

## I.   INTRODUCTION

On October 6, 2011, Plaintiff John H. McKown, IV ("Plaintiff") filed to a motion to vacate the stay previously imposed by the Court in this action and a motion to file an amended complaint to include claims pursuant to Administrative Procedure Act ("APA"). (Docs. 38-40.) On November 2, 2011, Defendant United States of America and the other federal defendants (collectively, "Defendants") filed a response indicating that they do not oppose Plaintiff's motions but requested

that a stay on discovery remain in place pending the resolution of Plaintiff's APA claims. A hearing was held on November 16, 2011.

For the reasons set forth below, Plaintiff's motion to file an amended complaint is GRANTED. Pursuant to the stipulation of the parties while appearing at the hearing, the non-APA claims remain STAYED, including all discovery as to those claims. The parties are also ORDERED to file a joint scheduling brief by no later than January 3, 2012, in preparation for the scheduling conference set for January 10, 2012.

## II. BACKGROUND AND PROCEDURAL HISTORY

On May 7, 2009, Plaintiff filed a verified complaint, alleging causes of action for (1) declaratory and injunctive relief, requesting that the United States Forest Service ("Forest Service") be precluded from regulating his use of three mining claims, designated as the White Cap Nos. 1-3,[1] under the California Desert Protection Act of 1994; (2) quiet title, requesting that the Court identify him as the owner of the White Cap Nos. 1-3; (3) civil rights violations under *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Forest Service officials deprived him of constitutional rights; and (4) illegal restraint of interstate commerce due to actions by officials with the Forest Service and the Bureau of Land Management ("BLM"). (Doc. 1.)

On May 18, 2009, Plaintiff also filed an action in the United States Court of Federal Claims ("CFC"), alleging claims related to the facts in this action. *See McKown v. United States*, Case No. 09-371 L (Fed. Cl.).

On October 19, 2009, Defendants filed a motion to stay proceedings pending the resolution of the administrative dispute before the United States Department of Interior's Office of Hearing and Appeals ("OHA") regarding the determination of Plaintiff's three mining claims. (Doc. 24.) Defendants contended that the administrative agency's resolution of whether Plaintiff had a valid

---

[1] Under the General Mining Law of 1872, 30 U.S.C. Section 21-54, (the "Mining Law") miners have limited rights for prospecting and mining valuable mineral deposits on federal land. The Mining Law allows private parties to acquire nonexclusive possessory interest on federal land and to assert a claim for mining purposes and ownership. *See United States v. Shumway*, 199 F.3d 1093, 1098-99 (9th Cir. 1999). Plaintiff alleges in his complaint that Plaintiff's family has held title to the mining claims known as White Cap Nos. 1-3, located in Kern County, California, since 1969, and it is "believed" that "Plaintiff's predecessors obtained a patent on the mining claims" as of 1928. (Doc. 1, ¶¶ 16-17.)

2

property interest in the White Cap Nos. 1-3 would likely resolve the remaining issues in this litigation. On December 14, 2009, the Court granted Defendants' motion and the action was stayed pending the OHA's ruling on Plaintiff's White Cap Nos. 1-3 mining claims. (Doc. 30.) Plaintiff's CFC case was also stayed to allow the parties to complete the administrative proceedings. (*See* Doc. 24, p. 3, n.2.)

On May 25, 2010, the OHA ruled against Plaintiff, finding that his mining claims as to the White Cap Nos. 1-3 were null and void. (Doc. 33-1.) Plaintiff appealed the decision with the Interior Board of Lands Appeal ("IBLA"). (Doc. 33-3.) On June 30, 2011, the IBLA affirmed the OHA decision that Plaintiff's mining claims were null and void. (Doc. 35-1.)

On October 6, 2011, Plaintiff filed a motion to vacate the Court's order staying this action as Plaintiff exhausted all his administrative remedies. (Docs. 38, 39.) Plaintiff also filed a motion to amend the complaint, requesting to file a first amended complaint ("FAC") to add causes of action under the APA so as to seek judicial review of the IBLA decision. (Doc. 40.)

On November 2, 2011, Defendants filed a response to Plaintiff's motions indicating that they did not oppose Plaintiff's motions, but reserved their right to move pursuant to Federal Rule of Civil Procedure 12 and other applicable law to seek dismissal of Plaintiff's FAC. (Doc. 43.) Further, Defendants requested that the Court stay discovery pending the resolution of the judicial review of the IBLA decision and the appeal of Plaintiff's APA claims, contending that resolution of those claims will likely obviate the remaining causes of action. (Doc. 43, p. 3.)

Plaintiff and Defendants consented to Magistrate Judge jurisdiction on September 21, 2011, and October 14, 2011, respectively. (Docs. 37, 41.) As such, this case is assigned to Magistrate Judge Sheila K. Oberto for all purposes. (Doc. 42.)

The parties have not informed the Court as to the current status of Plaintiff's CFC case.

### III. DISCUSSION

**A.    Plaintiff's Motion to File an Amended Complaint**

Plaintiff moves for leave to file an amended complaint, requesting to add causes of action under the APA so as to seek judicial review of the IBLA decision and allow those claims to be heard with the remaining related claims in the original complaint. (Doc. 40.) Plaintiff's proposed FAC

adds the fifth through ninth causes of action for judicial review pursuant to the APA, including review based on unsupported evidence, ad hoc rule-making, lack of publication in the Federal Register, and violation of statutory mandate. (Doc. 40-1, ¶¶ 119-73.) The Court has jurisdiction to review the IBLA judgment. *Doria Mining*, 608 F.2d at 1257.

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)-(2).[2] The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend under Rule 15(a) are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id.* Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Finally, "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

Plaintiff is not seeking the amendment in bad faith, as it is procedurally proper to request a judicial review of the APA claims. There is not an undue delay in Plaintiff's request to amend, as this action has been stayed since December 14, 2009, and the IBLA rendered its decision regarding Plaintiff's administrative appeal a little over four months ago on June 30, 2011. (Docs. 30, 35.)

---

[2] No scheduling order has been issued in this case; thus, Federal Rule of Civil Procedure 16(b) is not applicable to Plaintiff's motion to amend the pleadings. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

There appears to be no prejudice to Defendants, nor does Plaintiff's amendment appear to be futile. Defendants do not oppose Plaintiff's motion.[3]

Accordingly, Plaintiff's motion to file amended complaint is GRANTED. However, pursuant to the stipulation of the parties at the hearing, the time for Defendants' to file a responsive pleading is STAYED until after the judicial review of the APA claims.

**B.      Plaintiff's Motion to Vacate Stay and Defendants' Request to Stay Discovery as to the Non-APA Claims**

Pursuant to the stipulation of the parties at the hearing, this action remains STAYED as to the non-APA claims (the original claims in Plaintiff's complaint). This includes a stay as to all discovery on these claims. The Court finds that it is appropriate to conduct a judicial review of the APA claims before considering the non-APA claims.

**C.      Joint Scheduling Brief and Scheduling Conference**

The parties shall file a joint scheduling brief by no later than January 3, 2012. The scheduling conference will be held on January 10, 2012, at 10:15 a.m. Pacific Standard Time. The parties may appear telephonically.

The joint scheduling brief shall include proposed dates and time frames for the parties to file the administrative record with the Court, as well as to file the opening, opposition, reply, and sur-reply briefs. The parties shall address the applicable standard of judicial review for these claims and whether they fall under the general review standard of the APA or whether there are specific requirements in the statute as to the Department of Interior's IBLA decision. The parties shall also provide a status update on Plaintiff's CFC case.

### IV.      CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to amend his complaint is GRANTED;

//

---

[3] While Defendants indicate that they "reserve the right to move pursuant to Federal Rule of Civil Procedure 12 and other applicable law to dismiss Plaintiff's Proposed Verified First Amended Complaint," Defendants do not argue in their response that Plaintiff's motion or amended claims are futile. (Doc. 43, 2:25-3:2.)

2. Plaintiff shall file his proposed amended complaint within two (2) days from the date of this order;

3. This action remains STAYED as to all non-APA claims, including a stay on discovery related to those claims;

4. The time for Defendants to file a responsive pleading to Plaintiff's amended complaint shall be STAYED pending the conclusion of the judicial review of the APA claims;

5. The parties shall file a joint scheduling report by no later than January 3, 2012, proposing dates and time frames to file the administrative record, and the opening, opposition, reply, and sur-reply briefs. The parties shall also address the standard of judicial review for the APA claims for the Department of Interior's IBLA decision and the status of Plaintiff's CFC case; and

6. The scheduling conference shall be held on January 10, 2012, at 10:15 a.m. Pacific Standard Time. The parties may appear telephonically.

IT IS SO ORDERED.

**Dated:   November 18, 2011**          /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE