# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. McKOWN, IV, | CASE NO. 1:09-cv-00810-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO EXTEND BRIEFING DEADLINES** |
| v. | (Docket No. 57) |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. / | |

## I.   INTRODUCTION

On July 3, 2012, Plaintiff John H. McKown, IV's ("Plaintiff") filed a third ex parte application requesting a seven-day extension of time to allow Plaintiff to file the opening briefing concerning his Administrative Procedures Act ("APA") claims. (Doc. 57.) For the reasons set forth below, Plaintiff's request is GRANTED and Plaintiff may file his opening brief on or before July 9, 2012. Plaintiff is cautioned that failure to comply with this order may result in the imposition of sanctions, including dismissal of this action.

## II.   BACKGROUND

On January 13, 2012, the Court issued a preliminary scheduling order regarding the briefing of Plaintiff's APA claims. (Doc. 51.) In pertinent part, the Court's ordered required that Plaintiff's opening brief be filed on or before April 6, 2012. (Doc. 51, pp. 1-2.)

1  Two days prior to that deadline, on April 4, 2012, Plaintiff filed an ex parte application requesting that an extension of time be granted modifying the parties' briefing schedule. (Doc. 53.) Defendants United States of America, et al. ("Defendants") did not oppose the request, but would not agree to a stipulation and did "not necessarily join Plaintiff's request to modify the deadlines." (*See* Doc. 53, p. 9, Doc. 54, 1:23-24.)

On April 6, 2012, the Court issued an order granting Plaintiff's request. (Doc. 54.) The order noted that "[t]he Local Rules of the United States Court, Eastern District of California, Rule 144(c) provides that the Court may, in its discretion, grant an initial ex parte application for an extension of time," but that "'[e]xcept for one such initial extension, ex parte applications for extension of time are not ordinarily granted.'" (Doc. 54, 1:25-28, (citing Local Rule 144(c)). The Court determined that since Plaintiff's application was an initial ex parte request for an extension of time, granting the request was appropriate. (Doc. 54, 2:1-3.) Plaintiff's opening brief was due on June 1, 2012. (Doc. 54, 2:6.)

One day prior to that deadline, on May 31, 2012, Plaintiff filed another ex parte application requesting an extension of the briefing deadlines related to Plaintiff's APA claims. (Doc. 55.) Plaintiff indicated that workload considerations prevented him, as a sole practitioner, from meeting the briefing deadlines. (Doc. 55, p. 4, ¶¶ 3-5.) Again, Defendant did not join Plaintiff's request for an extension of the briefing schedule, but did not oppose Plaintiff's request. (Doc. 55, p. 4, ¶ 7; Doc. 55, p. 8.) The Court noted that:

> Although the Court does not routinely grant ex parte applications for extensions of time beyond an initial request (*see* Local Rule 144(c)), the Court will approve Plaintiff's requested continuance in light of the fact that the request is unopposed. However, no further extensions of the briefing scheduling will be granted absent truly good cause, which does not include workload considerations of counsel.

(Doc. 56, 2:2-6.) Plaintiff's opening brief was due on or before July 2, 2012. (Doc. 56, 2:9.)

One day *after* Plaintiff's brief was due, on July 3, 2012, Plaintiff filed the instant ex parte application for a seven-day extension of time, requesting that he be allowed to file the opening brief late, by July 9, 2012, due to counsel's illness. (Doc. 57.)

///

///

2

### III.   DISCUSSION

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (emphasis omitted) (holding that court may dismiss an action that abuses the judicial process using inherent powers to control dockets); *see also Frost v. Perry*, 919 F. Supp. 1459 (D. Nev. 1996) (untimely motion stricken by court using inherent powers to control its own docket). The Local Rules of the United States District Court, Eastern District of California, Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

As the Court has noted in its prior orders in this action, Local Rule 144(c) pertains to ex parte applications for extensions of time and provides that "[e]xcept for one such initial extension, ex parte applications for extension of time are not ordinarily granted." (Local Rule 144(c), *see also* Docs. 54, 56.) Plaintiff has now filed his *third* ex parte application for an extension of time to file his opening brief related to APA claims. (Doc. 57.) Plaintiff filed this application despite the fact that he had previously been informed that the Court does not ordinarily grant more than one ex parte request for an extension of time. (Docs. 54, 1:25-28; Doc. 56, 2:2-4.) It does not appear that Plaintiff's counsel actually sought a stipulation from Defendants' counsel; instead, Plaintiff's counsel had his paralegal contact Defendants' counsel's legal assistant and "tell the legal assistant that because of [Plaintiff's counsel's] illness, the Brief would be filed by July 9, 2012. (Doc. 57, Aviles Decl., p. 3, ¶ 6.) The Court notes that Plaintiff's counsel's paralegal attempted to contact Defendants' counsel on July 3, 2012, the day before a national holiday (July 4), and at a time when Defendants' counsel was apparently out of the office. (*See* Doc. 57, Ramey Decl., p. 4, ¶ 3. (Plaintiff's counsel's paralegal declared that Defendants' counsel's "message machine stated that [Defendants' counsel] would be out of the office until July 16, 2012").) As such, Defendants' counsel did not have an opportunity to agree with or oppose Plaintiff's request for an extension of time.

Additionally, Local Rule 144(d) controls the time for requesting extensions and states that "[c]ounsel shall seek to obtain a necessary extension . . . as soon as the need for an extension

becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Plaintiff filed the instant application on July 3, 2012, one day *after* the opening brief was due, and is thus in violation of the Local Rules. (*See* Local Rule 144(d); Doc. 56, 2:9.) It is unclear why Plaintiff's counsel waited until *after* the deadline to file the opening brief had passed, since he declares that he had a "severe allergic reaction" on June 25, 2012, one week *prior* to the motion filing deadline of July 2, 2012. While Plaintiff's counsel purportedly requires "a three-week recuperation period," (the Court notes that Plaintiff's proposed deadline of July 9, 2012, to file the opening brief falls within this three-week period), it is unclear why Plaintiff could not have *timely* requested an extension of time. Additionally, Defendants' counsel has not had sufficient time and notice to oppose the ex parte application, as he is apparently out of the office until July 16, 2012. (Doc. 57, Ramey Decl., p. 4. ¶ 3.)

Late filings cause the Court to expend an inordinate amount of judicial resources that go beyond mere inconvenience but impact other litigants and cases that are kept waiting. A scheduling order is not a mere suggestion of dates that may be ignored at the parties' whim, but is a Court order setting forth required deadlines in a case. Plaintiff's *third* ex parte application seeking an extension, filed *after* the time to file the opening brief had passed, fails to comply with Local Rules 144(c), (d), and with the current scheduling order (Doc. 56).

While the Court has previously ordered that "no further extensions of the briefing scheduling will be granted absent truly good cause" (Doc. 56, 2:4-5.), the Court is not unsympathetic to Plaintiff's counsel's medical condition. Since Plaintiff is seeking a brief seven-day extension of the filing deadline, the Court will modify the briefing schedule *one last time* to allow Plaintiff to file his opening brief regarding his APA claims on or before July 9, 2012. Plaintiff is cautioned that failure to comply with this order may result in the imposition of sanctions, including dismissal of this action. *See* Local Rule 110; *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.1986) (District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case.").

In light of Plaintiff's request for a seven-day extension of time, the entire briefing schedule is modified so as to avoid prejudice to Defendants by Plaintiff's delay.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the briefing schedule for Plaintiff's APA claims is modified as follows:

1. Plaintiff's opening brief shall be **filed on or before July 9, 2012**;
2. Defendants' opening brief shall be **filed on or before August 6, 2012**;
3. Plaintiff's responsive brief shall be **filed on or before August 21, 2012**;
4. Defendants' responsive brief shall be **filed on or before September 5, 2012;**
5. The hearing on this matter remains on calendar for **October 10, 2012**, at 9:30 a.m. in Courtroom 7.  If the Court determines that oral argument is not necessary, the Court will inform the parties and vacate the hearing.

IT IS SO ORDERED.

**Dated:   July 5, 2012**                              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE