# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. McKOWN, IV, | CASE NO. 1:09-cv-00810-SKO |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO EXTEND BRIEFING DEADLINES** |
| v. | (Docket No. 60) |
| UNITED STATES OF AMERICA, et al., | **ORDER MODIFYING SCHEDULING ORDER RE: BRIEFING OF ADMINISTRATIVE PROCEDURE ACT CLAIMS** |
| Defendants. | |

On August 3, 2012, Federal Defendants ("Defendants") filed an Unopposed Motion for Enlargement of Time, requesting a seven-day extension of time to allow Defendants to file their opening briefing concerning Plaintiff John H. McKown's ("Plaintiff") Administrative Procedures Act ("APA") claims. (Doc. 57.) Defendants assert that, due to the Court-ordered modification to the briefing scheduling granted at Plaintiff's ex-parte request, "the deadline for Defendants to submit their opening memorandum now conflicts with substantive obligations in several other cases assigned to Defendants' counsel." (Doc. 60, 2:25-26.) As such, Defendants request a one-week extension of the deadline to file their opening memorandum, and indicate that they "have not previously requested an extension of any deadlines in this matter." (Doc. 60, 2:18-19, 2:26-3:2.)

Defendants' request is GRANTED.  Defendants may file their opening briefing regarding Plaintiff's Administrative Procedures Act claims on or before August 13, 2012.

The Court, however, cautions the parties that additional request for extensions of time of the APA briefing will not be granted in this action absent truly good cause.  The Court will not tolerate

repeated requests to modify the order establishing the briefing schedule regarding Plaintiff's APA claims. As the Court has previously explained:

> Late filings cause the Court to expend an inordinate amount of judicial resources that go beyond mere inconvenience but impact other litigants and cases that are kept waiting. A scheduling order is not a mere suggestion of dates that may be ignored at the parties' whim, but is a Court order setting forth required deadlines in a case.

(Doc. 58, 4:12-15.)

Further, a "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Due the burdensome caseload of the United States District Court, Eastern District of California, scheduling orders are vital to this Court's case management. Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson*, 975 F.2d at 610.

Although Defendants suggest extending all scheduling briefing deadlines by one week, due to the press of Court business, the Court is disinclined to continue the oral argument hearing date previously set for October 10, 2012. As such, the time frames for the parties' responsive briefing deadlines shall be shortened slightly so as to allow the Court sufficient time to consider the motions prior to the hearing date.

Accordingly, IT IS HEREBY ORDERED that the briefing schedule for Plaintiff's APA claims is modified as follows:

1. Defendants' opening brief shall be **filed on or before August 13, 2012**;
2. Plaintiff's responsive brief shall be **filed on or before August 24, 2012**;
3. Defendants' responsive brief shall be **filed on or before September 7, 2012;**
4. The hearing on this matter remains on calendar for **October 10, 2012**, at 9:30 a.m. in Courtroom 7. If the Court determines that oral argument is not necessary, the Court will inform the parties and vacate the hearing.

IT IS SO ORDERED.

**Dated:   August 7, 2012**                    /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE