# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. McKOWN, IV,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-cv-00810-SKO<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE**<br><br>(Docket No. 71) |

## II. INTRODUCTION

On January 29, 2013, Plaintiff John H. McKown, IV ("Plaintiff") filed an ex parte application requesting to continue the motion to dismiss for a minimum of four weeks. (Doc. 71.) For the reasons set forth below, Plaintiff's ex parte application is GRANTED and the Court sets a briefing schedule. Plaintiff is cautioned, however, that no further continuances will be granted and that failure to comply with this order may result in the imposition of sanctions, including monetary sanctions and/or the dismissal of this action.

## II. DISCUSSION

The motion to dismiss, filed by Defendants United States of America, et al. ("Defendants"), is currently set for hearing on February 13, 2013. (Doc. 69.) Pursuant to the Local Rules of the United States District Court, Eastern District of California, Rule 230(c), Plaintiff's opposition to the motion was due on January 30, 2013. Plaintiff filed an ex parte application on January 29, 2013, one day prior to the deadline to file an opposition.

Plaintiff's continued disregard for deadlines in this action is unacceptable. When filing the opening brief concerning Plaintiff's Administrative Procedures Act claims, Plaintiff requested and was granted *three* ex parte applications for an extension of time. (*See* Docs. 53-58.) Plaintiff was repeatedly informed that Local Rule 144(c) provides that "[t]the Court may, in its discretion, grant an initial ex parte application for an extension of time," but that "[e]xcept for one such initial extension, ex parte applications for extension of time are not ordinarily granted." (*See* Docs. 54, 56, 58; *see also* Local Rule 144(c).) Nonetheless, the Court granted Plaintiff's requests for extensions to afford Plaintiff an opportunity to have his case considered on the merits.

While the Court recognizes that the instant application is Plaintiff's first ex parte application related to the motion to dismiss, the application is nonetheless Plaintiffs *fourth* ex parte application in this action – despite having been informed that the Local Rules only routinely provide for the granting of an initial ex parte application. The Court is concerned by Plaintiff's counsel's repeated disregard that such ex parte applications are disfavored and not ordinarily granted.

Further, the timing of Plaintiff's request evidences Plaintiff's counsel's continued lackadaisical approach to this case. Plaintiff was informed that Local Rule 144(d) controls the time for requesting extensions and states that "[c]ounsel shall seek to obtain a necessary extension . . . as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." (*See* Doc. 58.) The Court notes that Plaintiff's application for a continuance of the motion was filed a mere one day before the opposition brief was due. It is unclear why a request for an extension could not have been made earlier, especially in light of reasons offered for requiring a continuance – i.e., Plaintiff's counsel has been "busy" for the past "two or three weeks" with other cases and counsel must "discuss the case with [his] client" to determine whether or not to oppose the motion to dismiss. (Doc. 71, Aviles Decl. ¶¶ 3-4.)

Defendants' motion to dismiss was filed on December 5, 2012. (Doc. 69.) Plaintiff's counsel fails to explain why his "busy" schedule for the past two to three weeks prevented prior preparation of the opposition brief, or why counsel has not communicated with his client regarding this motion in the *nearly eight weeks* since the motion was filed.

Nonetheless, to afford Plaintiff an opportunity to be heard on the merits, Plaintiff's request to continue the motion to dismiss is GRANTED. However, Plaintiff is cautioned that **no further extensions or continuances** will be granted and that failure to comply with this order may result in the imposition of sanctions, **including dismissal of this action and/or monetary sanctions against Plaintiff's counsel** based counsel's repeated disregard for Court orders. *See Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.1986) (District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."); Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Plaintiff's counsel indicates that Defendants' "would not oppose the continuance" but that defense counsel indicated that she "would need more than one week to reply to [Plaintiff's] opposition, if one is filed." (Doc. 71, Aviles Decl., ¶ 6.) The Court will thus allow Defendants two weeks to reply to any opposition brief filed by Plaintiff.

As such, the hearing on the motion to dismiss is CONTINUED from the currently scheduled date to March 20, 2013. Plaintiff's opposition brief or notice of non-opposition shall be filed by no later than February 27, 2013, and Defendants's reply brief is due by no later than March 13, 2013.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application to continue the motion to dismiss is GRANTED;
2. Plaintiff's opposition brief or notice of non-opposition shall be **filed on or before February 27, 2013**;
3. Any reply brief shall be **filed on or before March 13, 2013**; and
4. The hearing on the motion to dismiss CONTINUED to **March 20, 2013**, at 9:30 a.m. in Courtroom 7. Telephonic appearances are approved and highly encouraged. All parties wishing to appear telephonically should coordinate **one** conference call to the Court at the time of the hearing at (559) 499-5790. If the Court determines that oral

argument is not necessary, the Court will inform the parties and vacate the hearing.

IT IS SO ORDERED.

**Dated:    February 1, 2013**                                /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE