# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. McKOWN, IV,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00810-SKO<br><br>**ORDER RE: BRIEFING ON PARTIES' MOTIONS TO DISMISS**<br><br>(Docket Nos. 69, 73) |

　　　On December 5, 2012, Defendants United States of America, et al. ("Defendants") filed a Motion to Dismiss the remaining claims in this action. (Doc. 69.) On January 29, 2013, Plaintiff John H. McKown, IV ("Plaintiff") filed an ex parte application seeking to continue the motion hearing to provide Plaintiff's counsel additional time to discuss the matter with his client and to determine whether or not he would oppose Defendants' motion. (Doc. 71.) On February 1, 2013, the Court granted Plaintiff's ex parte request and ordered Plaintiff to file an opposition brief or notice of non-opposition on or before February 27, 2013. (Doc. 72.)

　　　On February 25, 2013, Plaintiff filed a Request for Dismissal (docketed as a Motion to Dismiss) pursuant to Rule 41 of the Federal Rules of Civil Procedure, requesting to dismiss the remaining first through fourth claims in this action without prejudice. (Doc. 73.) Plaintiff set a motion hearing for March 20, 2013, the same date as the hearing on Plaintiff's Motion to Dismiss. (*See* Doc. 72, docket at Doc. 73.)

　　　As an initial matter, the Court notes that Plaintiff's Request for Dismissal was not properly noticed as a motion. *See* Rule 230(b) of the Local Rules of the United States District Court, Eastern

District of California (requiring that a motion be heard "not less than twenty-eight (28) days after service and filing of the motion").  Plaintiff provided only twenty-three (23) days' notice.  Further, Plaintiff failed to provide a "notice of motion, motion, [and] accompanying briefs" as required under Rule 230(b).

However, based on the Court's February 1, 2013, Order that Plaintiff file an opposition brief or notice of non-opposition to Defendants' Motion to Dismiss by no later than February 27, 2013, the Court construes Plaintiff's Request for Dismissal as a notice of non-opposition to Defendants' motion.  As such, Plaintiff has conceded that the remaining claims should be dismissed; the only issue remaining is whether the dismissal should be with prejudice (as requested by Defendants (*see* Doc. 69, 20:4-6), or without prejudice as requested by Plaintiff (*see* Doc. 73, 2:1-3.)

Rule 41(a)(1)(B) allows the courts to grant a plaintiff's request for a voluntary dismissal without prejudice "unless a defendant can show that it will suffer some plain legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  As such, Defendants' reply brief for the Motion to Dismiss, due on or before March 13, 2013 (*see* Doc. 72), should assert why the dismissal should be with prejudice or indicate that Defendants do not oppose Plaintiff's request to dismiss the remaining claims without prejudice.

Accordingly, IT IS HEREBY ORDERED that Defendants' reply brief shall be **filed on or before March 13, 2013**, and shall inform the Court whether they agree to Plaintiff's request to dismiss the action without prejudice or assert how they would suffer "plain legal prejudice" and why the case should be dismissed with prejudice.

IT IS SO ORDERED.

**Dated:     February 27, 2013**                 /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE