# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. McKOWN, IV,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-00810-SKO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S REMAINING CLAIMS WITH PREJUDICE**<br><br>(Docket No. 69)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST THAT THE ACTION BE DISMISSED WITHOUT PREJUDICE**<br><br>(Docket No. 73) |

## I.   INTRODUCTION

On December 5, 2012, Defendants United States of America, et al. ("Defendants") filed a Motion to Dismiss, seeking dismissal of the remaining claims in this case with prejudice. (Doc. 69.) On February 25, 2013, Plaintiff John H. McKown, IV ("Plaintiff") filed a Request for Dismissal, seeking dismissal without prejudice. (Doc. 73.) On March 13, 2013, Defendants filed a reply supporting their assertion that the case should be dismissed with prejudice.

The Court has reviewed the parties' briefs and supporting documents and determined that this matter is suitable for decision without oral argument pursuant to the Local Rules of the United States District Court, Eastern District of California, Rule 230(g). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED and the case is DISMISSED WITH PREJUDICE.

## II.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On May 7, 2009, Plaintiff filed a verified complaint against the United States, the Secretary of the Interior, the Secretary of Agriculture, and a number of employees of the United States Forest Service ("Forest Service") in their official capacities. (Doc. 1.) Plaintiff alleged that his family held

title to the quartz mining claims known as White Cap Nos. 1-3 (the "mining claims")[1], located in Kern County, California, since 1969, and that it was believed that his predecessors had a patent on the mining claims since 1928. (Doc. 1, ¶¶ 16-17.) Plaintiff's complaint alleged claims for (1) declaratory and injunctive relief, requesting that the Forest Service be precluded from regulating his use of three mining claims, designated as the White Cap Nos. 1-3, under the California Desert Protection Act of 1994; (2) quiet title, requesting that the Court identify him as the owner of the White Cap Nos. 1-3; (3) civil rights violations under *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics* ("*Bivens*"), 403 U.S. 388 (1971), alleging that Forest Service officials deprived him of constitutional rights; and (4) illegal restraint of interstate commerce due to actions by officials with the Forest Service and the Bureau of Land Management ("BLM"). (Doc. 1.)

On May 18, 2009, Plaintiff also filed an action in the United States Court of Federal Claims ("CFC"), alleging claims related to the facts in this action. *See McKown v. United States*, Case No. 09-371 L (Fed. Cl.).

On October 19, 2009, Defendants filed a motion to stay proceedings pending the resolution of the administrative dispute before the United States Department of Interior's Office of Hearing and Appeals ("OHA") regarding the determination of Plaintiff's three mining claims. (Doc. 24.) Defendants contended that the administrative agency's determination whether Plaintiff has a valid property interest in the White Cap Nos. 1-3 would likely resolve the remaining issues in this litigation. On December 14, 2009, the Court granted Defendants' motion and the action was stayed pending the OHA's ruling on Plaintiff's White Cap Nos. 1-3 mining claims. (Doc. 30.) Plaintiff's CFC case was also stayed to allow the parties to complete the administrative proceedings. (*See* Doc. 24, p. 3, n.2.)

On May 25, 2010, the OHA ruled against Plaintiff, finding that his mining claims as to the White Cap Nos. 1-3 were null and void. (Doc. 33-1.) Plaintiff appealed the decision with the

---

[1] Under the General Mining Law of 1872, 30 U.S.C. Section 21-54, (the "Mining Law") miners have limited rights for prospecting and mining valuable mineral deposits on federal land. The Mining Law allows private parties to acquire nonexclusive possessory interest on federal land and to assert a claim for mining purposes and ownership. *See United States v. Shumway*, 199 F.3d 1093, 1098-99 (9th Cir. 1999).

2

Interior Board of Lands Appeal ("IBLA"). (Doc. 33-3.) On June 30, 2011, the IBLA affirmed the OHA decision that Plaintiff's mining claims were null and void. (Doc. 35-1.)

On October 6, 2011, Plaintiff filed a motion to vacate the Court's order staying this action as Plaintiff exhausted all his administrative remedies. Plaintiff also filed a motion to amend the complaint, requesting leave to file a first amended complaint ("FAC") to add causes of action under the Administrative Procedure Act ("APA") so as to seek judicial review of the IBLA decision. (Docs. 38-40.) On November 18, 2011, the Court granted Plaintiff's motion to amend, and held that the non-APA claims were to remain stayed pending the resolution of the APA claims. (Doc. 47.) On November 21, 2011, Plaintiff filed the FAC, adding the APA claims to the previously alleged claims. (Doc. 48.)

The parties briefed Plaintiff's APA appeal of the IBLA decision. (Docs. 59, 62-64.) On November 5, 2012, the Court issued an order denying Plaintiff's APA appeal and affirming the IBLA's decision that Plaintiff's mining claim was invalid. (Doc. 68.) As Plaintiff's APA claims were fully resolved by the Court's decision, the stay was lifted as to the remaining non-APA claims and Defendants were ordered to file a responsive pleading. (Doc. 68.)

On December 5, 2012, Defendants filed the instant Motion to Dismiss, asserting that the Court's order denying the APA claims and affirming the invalidity of Plaintiff's mining claims also resolved Plaintiff's non-APA claims. (Doc. 69, 6:10-7:15.) On January 29, 2013, Plaintiff filed an ex parte application for an extension of time to continue the motion to dismiss, indicating that he needed additional time to decide whether to oppose the motion. (Doc. 71.) The Court granted Plaintiff's ex parte application and ordered that Plaintiff's opposition brief or notice of non-opposition be filed on or before February 27, 2013. (Doc. 72.)

On February 25, 2013, Plaintiff filed a Request for Dismissal (docketed as a Motion to Dismiss), requesting that the remaining causes of action be dismissed without prejudice. (Doc. 73.) On February 27, 2013, the Court issued an Order re Briefing on Parties' Motions to Dismiss, ordering Defendants to file a reply brief to their Motion to Dismiss to inform the Court whether they agree to dismiss Plaintiff's action without prejudice or state why the case should be dismissed with

prejudice. (Doc. 74.) On March 13, 2013, Defendants filed their reply, contending that Plaintiff's claims should be dismissed with prejudice. (Doc. 75.)

### III.  DISCUSSION

Defendants' Motion to Dismiss seeks dismissal with prejudice of Plaintiff's remaining claims, causes of action 1 through 4, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and Rule 12(b)(1) for lack of subject matter jurisdiction to Plaintiff's claims of Constitutional violations. (Doc. 69.) Defendants contend that the Court's affirmance of the IBLA's decision and finding that Plaintiff does not have a valid mining claim establishes that Plaintiff had no legal right to conduct any mining activities at White Cap Nos. 1-3. (Doc. 69, 6:22-23.) Defendants thus assert that Plaintiff's first through fourth causes of action – for declaratory, injunctive, and mandamus relief; quiet title; *Bivens* violations; and illegal restraint on interstate commerce – fail as they are predicated on Plaintiff having a valid mining claim. (Doc. 69, 6:22-7:7.) Defendants additionally contend that Plaintiff's third and fourth causes of action for Constitutional claims for *Bivens* violations and restraint on interstate commerce must also be dismissed for lack of subject matter jurisdiction because Plaintiff sued the Forest Service employees in their official capacity, and the United States has not waived sovereign immunity with respect to claims for damages for Constitutional violations. (Doc. 69, 7:8-15.)

Plaintiff does not oppose Defendants' motion and voluntarily requests that causes of action 1 through 4 be dismissed. (Doc. 73.) Plaintiff, however, requests dismissal of the claims without prejudice, while Defendants' seek dismissal with prejudice. As such, there is no question as to whether the claims should be dismissed – the only issue is whether the claims should be dismissed with or without prejudice.

**A.     Legal Standard**

Federal Rule of Civil Procedure 41(a)(1)(B) allows the courts to grant a plaintiff's request for a voluntary dismissal without prejudice "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id*. at 976 (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). The court has broad

4

discretion whether to dismiss an action with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

In determining whether an action should be dismissed with or without prejudice, a court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling. An attempt by the plaintiff to avoid an adverse decision on the merits may constitute legal prejudice. *Martin v. Winett*, No. 1:04-CV-05358-LJO, 2012 WL 2360800, at *2 (E.D. Cal. June 20, 2012) (citing *In re Sizzler Restaurants Int'l, Inc.*, 262 B.R. 811, 822 (Bankr. C.D. Cal. 2001)). "[T]he avoidance of an adverse ruling is an abusive reason to seek dismissal." *White v. Donley*, No. CV05-7728ABCFMOX, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008) (citing *Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir.1988)). A party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice. *Martin*, 2012 WL 2360800, at *2 (citing *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

Other factors the court may consider in determining whether a defendant will suffer legal prejudice are (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that summary judgment has been filed by the defendant. *Fischer v. Zespri Fresh Produce N. Am., Inc.*, No. 1:07-CV-00610-LJO, 2007 WL 2385074, at *8-9 (E.D. Cal. Aug. 17, 2007) (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

**B.     Analysis**

Plaintiff's Request for Dismissal states in its entirety that "Plaintiff John H. McKown IV hereby requests that the First through Fourth Causes of Action of the Complaint be dismissed by the above-entitled Court WITHOUT prejudice." (Doc. 73, 2:1-3.) Plaintiff provides no explanation as to why he is seeking a voluntary dismissal without prejudice at this stage of the litigation, especially in light of the Court's February 1, 2013, order that Plaintiff file either an opposition brief or a notice of non-opposition to Defendants' motion to dismiss. (Doc. 72, 4:21-22.) Plaintiff did neither, and instead filed a request for dismissal without prejudice.

1    As noted above, on November 5, 2012, the Court issued an order denying Plaintiff's APA appeal and affirming the IBLA's decision that Plaintiff's mining claims were invalid. (Doc. 68.) Plaintiff's fifth through ninth causes of action related to the APA appeal were thus dismissed, and the stay as to the remaining non-APA claims was lifted. (Doc. 68, 34:20-28.) Defendants' Motion to Dismiss asserts that the Court's finding that Plaintiff's mining claim was invalid effectively dismisses Plaintiff's remaining causes of action, since they rely upon Plaintiff having a valid mining claim. (Doc. 69, 10:20-13:7.) Plaintiff does not oppose this assertion. (*See* Doc. 73.) Instead, Plaintiff requests that dismissal be without prejudice. As such, it appears that Plaintiff is seeking to voluntarily dismiss the action without prejudice to avoid an adverse ruling against him.

In considering Defendants' Motion to Dismiss Plaintiff's remaining non-APA claims, Plaintiff's first cause of action for declaratory and injunctive relief requests that the Court preclude the Forest Service from regulating Plaintiff's access and use of White Cap Nos. 1-3. (Doc. 48, ¶¶ 19 51.) Plaintiff requests that Defendants be restrained from enforcing the California Desert Protection Act of 1994 ("CDPA") and restricting Plaintiff's use of the mining claims, as well as restricting Plaintiff's access to the mining claims by motor vehicles. (Doc. 48, ¶ 50.) However, the IBLA determined and this Court has affirmed that Plaintiff does not have a valid mining claim. (Doc. 68.) As such, Plaintiff has no right to conduct mining activities at White Cap Nos. 1-3, and his request for declaratory and injunctive relief to prelude the Forest Service from applying the restrictions of the CDPA to prevent Plaintiff's mining activities is moot. *See* CDPA, Pub. L. No. 104(c), 108 Stat. 4483 (Establishing that, subject to valid existing rights (which Plaintiff does not have) the Kiavah Wilderness lands (where White Cap Nos. 1-3 are located) are withdrawn from location, entry, and patent under the United States mining laws).

Plaintiff's second cause of action for quiet title likewise fails, as Plaintiff requests that the Court declare Plaintiff is "the owner of his mining claims" and that Defendants have no adverse interest to Plaintiff's claim. (Doc. 48, ¶ 56.) Since Plaintiff does not have a valid mining claim to White Cap Nos. 1-3, he has no property interest in which he would be entitled to quiet title. *See*

*Lowe v. Union Oil Co. of California*, 487 F.2d 477, 478 (9th Cir. 1973) (affirming the district court's dismissal of defendants' quiet title action due to a lack of a valid mining claim).

The third cause of action for a *Bivens* claim and the fourth cause of action for an interstate commerce claim against the Forest Service employees also fail due to Plaintiff's lack of a valid mining claim. Plaintiff alleges that the Forest Service employees violated his Constitutional rights when they applied the restrictions of the CDPA and deprived Plaintiff of his ownership interest in the mining claims. (Doc. 48, ¶¶ 57-118.) However, an invalid mining claim creates no right of any kind against the United States. *See Hafen v. United States*, 30 Fed. Cl. 470, 473 (Fed. Cl. 1994) ("If a mining claim is found to be valid, the claimant gains certain exclusive possessory rights. *No right, however, arises from an invalid claim of any kind*." (emphasis added) (citing *Best v. Humboldt Placer Min. Co.*, 371 U.S. 334, 337 (1963))).

The third and fourth causes of action also fail because the Court lacks subject matter jurisdiction over the Constitutional claims. Plaintiff is suing the Forest Service employees in their official capacities. (*See* Doc. 48, ¶¶ 2-12.) A suit against federal employees "in their official capacity is essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Id*. (citing *United States v. Shaw*, 309 U.S. 495, 500-01 (1940)). However, "the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations." *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988) (citing *United States v. Testan*, 424 U.S. 392, 400-402 (1976)). As such, "no *Bivens*-like cause of action is available against federal agencies or federal agents sued in their official capacities." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) (citing *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994)). Accordingly, the third and fourth causes of action alleging Constitutional violations against the Forest Service employees in their official capacities must be dismissed as "the courts lack subject matter jurisdiction to hear constitutional damage claims against the United States, because the United States has not waived sovereign immunity with respect to such claims." *Rivera v. United States*, 924 F.2d 948, 951

(9th Cir. 1991). Thus, considering Defendants' Motion to Dismiss on the merits, all of Plaintiff's remaining non-APA claims warrant dismissal.

As such, Plaintiff's request that the first through fourth causes of action be dismissed without prejudice appears to be an attempt to avoid an adverse ruling on the merits of Defendants' Motion to Dismiss since Plaintiff's remaining causes of action in this case are invalid. As noted, an attempt by the plaintiff to avoid an adverse decision on the merits may constitute legal prejudice. *Martin*, 2012 WL 2360800, at *2 (citing *In re Sizzler Restaurants*, 262 B.R. at 822). "[T]he mere temporary avoidance of a claim-dispositive motion is not a legitimate reason to seek dismissal of those claims without prejudice; indeed, the avoidance of an adverse ruling is an abusive reason to seek dismissal." *White*, 2008 WL 4184651, at *3 (citing *Terravona*, 852 F.2d at 429) Defendants would thus suffer legal prejudice due to Plaintiff's attempt to avoid an adverse ruling if Plaintiff's remaining claims are dismissed without prejudice.

Further, the other factors the court may consider in determining legal prejudice also weigh in favor of dismissing Plaintiff's claims with prejudice. As noted above, the court may consider (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that summary judgment has been filed by the defendant. *Fischer,* 2007 WL 2385074, at *8-9 (citing *Paulucci*, 826 F.2d at 783).

Defendants have incurred significant time and expense in litigating this action since it was filed on May 7, 2009. The validity of Plaintiff's mining claims have been considered by OHA and found to be invalid; that decision was then affirmed by the IBLA and this Court. (*See* Doc. 68.) "Without the finality of dismissal with prejudice, defendants face potential relitigation of issues occurring long ago, that they have spend . . . years defending." *Martin*, 2012 WL 2360800, at *4; *see also White*, 2008 WL 4184651, at *3 ("Dismissing the claims without prejudice would harm Defendant's legal interest in the timely final adjudication of Plaintiff's long-pending claims.")

There has also been excessive delay on Plaintiff's part in litigating this action. Plaintiff filed a total of four ex parte applications seeking extensions of time to submit his opening brief for the

APA appeal and his opposition to the instant motion, despite repeated admonishments by the Court to respect its scheduling orders. (*See* Docs. 53, 55, 56, 57, 58, 71, 72.) In granting Plaintiff's fourth ex parte application requesting an extension of time, the Court noted that Plaintiff's counsel had not communicated with his client in the nearly eight weeks since Defendants' Motion to Dismiss had been filed and counsel failed to explain why he was too "busy" to oppose the motion. (Doc. 72.) The Court found that "Plaintiff's continued disregard for deadlines in this action is unacceptable," but nonetheless allowed Plaintiff an extension of time to permit Plaintiff to either oppose Defendants' motion on the merits or file a notice of non-opposition. (Doc. 72.) Plaintiff did neither, but instead sought dismissal without prejudice. (Doc. 73.) This appears to be yet another delay tactic on Plaintiff's part in a case in which he has no valid claims.

Plaintiff has failed to provide an explanation as to *why* he seeks dismissal without prejudice; he simply "requests that the First through Fourth Causes of Action of the Complaint be dismissed by the above-entitled Court WITHOUT prejudice." (Doc. 73.) No explanation is given as to why dismissal without prejudice would be appropriate in this action, especially in light of the fact that the Court has already considered and ruled on the merits of Plaintiff's claims when affirming the IBLA decision. (Doc. 68.)

Finally, if Plaintiff's claims are dismissed without prejudice, there may remain some ambiguity as to Plaintiff's ownership interests in White Cap Nos. 1-3, particularly to his quiet title claim. "The prejudice resulting from uncertainty over title to land is also a valid consideration." *Fischer*, 2007 WL 2385074, at *9 (citing *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir.1974)).

Accordingly, for the reasons set forth above, dismissal without prejudice of Plaintiff's claims would result in plain legal prejudice to Defendants. *See Smith*, 263 F.3d at 975-76. Defendants' Motion to Dismiss is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

//
//
//
//

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss is GRANTED and Plaintiff's remaining non-APA claims are DISMISSED WITH PREJUDICE;

2. Plaintiff's request to have the claims dismissed without prejudice is DENIED; and

3. The Clerk of the Court is DIRECTED to administratively close this action.

IT IS SO ORDERED.

Dated:   March 28, 2013                         /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE